**Mr. and Mrs. Donald P. FLYNN, Plaintiffs-Appellants-Appellees,**

v.

**AETNA CASUALTY & SURETY CO. and the United States of America, Intervenors-Appellees-Appellants,**

v.

**SAVINGS & PROFIT SHARING PLAN FOR the EMPLOYEES OF REPUBLIC OF TEXAS CORP. and its Participating Affiliates, et al., Defendants-Appellees.**

No. 82–1180.

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1983.

Kelly D. McGehee, Dallas, Tex., Robert D. Conkel, Richardson, Tex., for Flynn.

Thompson, Knight, Simmons & Bullion, David R. McAtee, Dallas, Tex., for Sav. & Profit, et al.

James A. Williams, Dallas, Tex., for Aetna Cas., intervenor.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Wynette J. Hewett, John A. Dudeck, Jr., Attys., Tax Div., Dept. of Justice, Washington, D.C., for U.S., intervenor.

Before WISDOM, RUBIN and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiffs, a former bank employee and his spouse, seek to compel payment under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (1974), of certain pension benefits allegedly due them by the defendants, the employer's profit sharing and retirement plans. The central issue of the litigation is presented by the plaintiffs' claim that ERISA forbids forfeiture of a plan participant's benefits by application of plan clauses, such as those used here, that permit forfeiture for reasons of the employee's early retirement or termination for misconduct. ERISA § 203(a), 29 U.S.C. § 1053(a) (1974). We affirm, however, the district court's rejection of this claim; because the employee was terminated on February 25, 1975, *after* ERISA was generally enacted (September 1974) but *before* section 203, the nonforfeiture provision, came into effect (January 1, 1976), the plans properly applied the "bad-boy" clauses preventing recovery.[1]

We find persuasive, as did the district court, the reasoning of a factually-similar case, *Fremont v. McGraw-Edison Company,* 606 F.2d 752 (7th Cir.1979). In *Fremont,* the employee was terminated *before* ERISA section 203 came into effect, benefits were formally denied in accordance with ERISA notice and hearing procedures *after* section 203 became effective, so that section 203 proscribed forfeiture. The *Fremont* court rejected this argument, emphasizing that section 203, which provides that "an *employee's* right to his normal retirement benefit is nonforfeitable" (emphasis added), "only protects against forfeiture the bene-·fits of those who were in an employee sta-

tus on January 1, 1976, or thereafter." *Fremont,* 606 F.2d at 755. Since the plaintiff here was properly dismissed in 1975, he is not an "employee" for purposes of the protective statute.[2]

Accordingly, we affirm the district court's conclusion, in its excellently reasoned opinion, that the plaintiff employee, discharged prior to the 1976 effective date of ERISA's non-forfeiture provision (section 203), is precluded from recovery.

We likewise find no error in the district court's determination that the plaintiff employee's spouse is not, under Texas community property law, entitled to a right in the pension and profit sharing plans greater than that of the employee himself.

Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.

---

1. The plan clauses in effect at the time the plaintiff employee was terminated in 1975 provide that a participant dismissed for dishonesty forfeits all amounts but his own contributions to the plan and that "any employee whose service is terminated prior to the date as of which he has both attained the age of 55 years and completed 15 years of credited service shall not be entitled to any benefit under the plan whatever."

At the time the plaintiff employee was dismissed from the bank for dishonesty, he had served 16 years, but had not reached 55 years of age.

2. We note that this holding is not inconsistent with the Second Circuit's decision in *Riley v. MEBA Pension Trust,* 570 F.2d 406 (2d Cir. 1977). In *Riley,* the plaintiff's benefits were *suspended,* not terminated, in 1975. After section 203 became effective in 1976, the pension plan could not continue to enforce the suspension clause, even against a non-employee. Here, the *termination* of benefits was complete when the plaintiff was dismissed.